O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN 2 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO GOMEZ-CASTANEDA,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | Case No. EDCV 09-1688 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

    The Court now rules as follows with respect to the five disputed issues listed in the Joint Stipulation.[1]

    With respect to Disputed Issue No. 1, the Court notes that Dr. Amin never purported to opine that plaintiff was suffering from impairments that precluded all gainful activity. Rather, he merely opined that plaintiff was temporarily disabled from performing his "usual work." (See AR 308, 309-20, 322-24, 326-30.) Thus, Dr. Amin's opinion was not inconsistent with the determination of the Administrative

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1  Law Judge ("ALJ") that plaintiff was unable to perform any past relevant work. (See
2  AR 14.) For the foregoing reason, the Court finds and concludes that reversal is not
3  warranted based on the ALJ's alleged failure to properly consider Dr. Amin's
4  opinion(s).
5      With respect to Disputed Issue No. 2, the Court notes that nowhere in his April
6  21, 2005 report (see AR 170-80) did Dr. Flores purport to opine that plaintiff was
7  mentally disabled. Indeed, as the Commissioner points out, Dr. Flores expressly
8  declined to render an opinion on plaintiff's disability. (See AR 177.) Nor did Dr.
9  Flores opine that plaintiff was mentally disabled in either of his subsequent progress
10 reports. (See AR 267-68, 269-70.) The Court also notes that nowhere in his April
11 21, 2005 report did Dr. Flores purport to render an opinion on the severity of
12 plaintiff's mental impairments, including the degree of plaintiff's functional
13 limitations in any of the following functional areas listed in 20 C.F.R. §§
14 404.1520a(c)(3): activities of daily living; social functioning; concentration,
15 persistence, or pace; and episodes of decompensation. Rather, he merely reported
16 what plaintiff had related to him. (See AR 173-74.) The same is true of Dr. Flores's
17 subsequent progress reports. (See AR 267-68, 269-70.) Consequently, the Court
18 finds and concludes that the ALJ did not err in failing to discuss Dr. Flores's reports
19 because they were not probative of whether plaintiff suffered from a severe mental
20 impairment. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir.
21 2003) (the ALJ need only discuss evidence that is significant and probative); see also
22 Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming where ALJ
23 had failed to mention letter from plaintiff's treating psychiatrist concluding that
24 plaintiff was severely impaired). In the alternative, for the reasons stated by the
25 Commissioner at pp. 12-15 of the Joint Stipulation, the Court finds and concludes that
26 any error by the ALJ in failing to properly consider Dr. Flores's "opinions" was
27 harmless. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th
28 Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the

ultimate non-disability determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

With respect to Disputed Issue No. 4, the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to make a proper listings determination. The claimant has the burden of proving disability, including disability based on the Listing of Impairments. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). The mere diagnosis of a listed condition does not establish that a claimant "meets" the Listings. See Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990). "For a claimant to show that his impairment matches a listing, it must meet **all** of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." See Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); see also 20 C.F.R. § 404.1525(d). Here, plaintiff has not even purported to cite medical findings in the record that established his spine disorder met all of the specified medical criteria for Listing 1.04A. Further, to the extent that plaintiff is purporting to invoke the "medical equivalence" concept in support of his Listings arguments (see Jt Stip at 21-23, 25), the Court finds and concludes that plaintiff also has not met his burden. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to **all** the criteria for the one most similar listed impairment. [Footnote and citations omitted.] A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." Zebley, 493 U.S. at 531. Moreover, under SSR 96-6p, the ALJ is permitted to assume from the signature of a State agency physician on a Disability Determination and Transmittal Form that

"consideration has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." Here, the record before the ALJ included Disability Determination and Transmittal Forms signed by State agency physicians reflecting their initial disability determination and their disability determination on reconsideration. (See AR 46, 47.)

With respect to Disputed Issue No. 5, for the reasons stated by the Commissioner (see Jt Stip at 28-30), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination. Put another way, the Court finds and concludes that the ALJ's adverse credibility determination was proper because it was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's subjective testimony. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision."); see also, e.g., Burch, 400 F.3d at 680-81 (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings, and lack of consistent treatment); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on lack of treatment); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints and failure to pursue treatment); Flaten v. Secretary of Health & Human Svcs., 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ may properly rely on minimal medical treatment for back pain).

However, with respect to Disputed Issue No. 3, the Court concurs with plaintiff

that the ALJ's assessment of plaintiff's residual functional capacity ("RFC") (see AR 11) cannot be reconciled with (a) Dr. Siambanes's September 26, 2005 opinion <u>inter alia</u> that plaintiff's spinal impairments precluded him from "prolonged sitting" (see AR 195), or (b) Dr. Rabinovich's May 3, 2005 opinion <u>inter alia</u> that plaintiff's spinal impairments precluded "repeated flexion, extension, and rotation of the neck" and "prolonged sitting and standing" (see AR 228). To reject the uncontradicted opinion of an examining physician, an ALJ must provide "clear and convincing" reasons. Even if contradicted by another doctor, the opinion of an examining doctor can only be rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. See <u>Regennitter v. Commissioner</u>, 166 F.3d 1294, 1298-99 (9th Cir. 1999); <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1995); see also <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005). Thus, the fact that the foregoing opinions of Dr. Siambanes and Dr. Rabinovich may have been contradicted by the opinion of Dr. Johnson, the orthopedic consultative examiner (see AR 360-63) and the opinion of Dr. Spellman, the State Agency physician (see AR 331-35) was not in itself a sufficient reason for rejecting the foregoing opinions of Dr. Siambanes and Dr. Rabinovich, but rather merely was determinative of the governing standard for doing so. Moreover, Dr. Spellman's opinion did not constitute "substantial evidence" upon which the ALJ could properly rely in making his RFC assessment, in the face of Dr. Siambanes's and Dr. Rabinovich's conflicting opinions. See, e.g., <u>Morgan</u>, 169 F.3d at 602 ("The opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician."); <u>Lester</u>, 81 F.3d at 831 (holding that the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician); <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician.").

Here, it appears from the ALJ's decision that his sole reason for not giving Dr. Siambanes's opinions "any weight" was that the standard of review in a worker's compensation case is not the same as Social Security disability. (See AR 13-14.) The Court does not find this "reason" to be a "specific and legitimate" reason for rejecting Dr. Siambanes's opinion that plaintiff's spinal impairments precluded him from "prolonged sitting." See, e.g., Lester, 81 F.3d at 832 (holding that ALJ erred in rejecting a physician's reports because they "were clearly obtained by the claimant's attorney for the purpose of litigation," and stating that "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them"); Coria v. Heckler, 750 F.2d 245, 247-48 (3d Cir. 1984) (holding that ALJ erred in failing to consider medical reports submitted in state workers' compensation proceeding); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) (stating that "the ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding"). Further, the Court notes that Dr. Rabinovich's opinion was not one of the worker's compensation opinions identified by the ALJ as an opinion to which he was giving "no weight." (See AR 13.) The only statement made by the ALJ with reference to Dr. Rabinovich's opinion was that the ALJ's RFC determination was "more restrictive" than the recommendations of Dr. Rabinovich. (See id.). That statement simply was untrue. In the first place, the ALJ's RFC assessment cannot be reconciled with Dr. Rabinovich's opinion that plaintiff was precluded from "prolonged sitting." Second, the ALJ did not incorporate into his RFC assessment Dr. Rabinovich's opinion that plaintiff's cervical spine impairment precluded repeated flexion, extension, and rotation of the neck. In not explaining why he did not do so, the ALJ failed to comply with Social Security Ruling[2] 96-8p, which provides in pertinent part: "If the RFC

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

This is not an instance where no useful purpose would be served by further administrative proceedings or where the record has been fully developed. Rather, this is an instance where additional administrative proceedings could remedy the defects in the ALJ's decision.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: June 25, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE